

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 2 1 2005
DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| -vs.- | § | Criminal No. 4:05CR130 |
| | § | Judge Brown |
| JOSE EMILE MALDONADO-RODRIGUEZ | § | |
| | § | |

**PLEA AGREEMENT**

Defendant JOSE EMILE MALDONADO-RODRIGUEZ, Defendant's attorney, Denise Benson, and the United States Attorney for the Eastern District of Texas agree to the following:

1. Rights of the Defendant: Defendant understands that he has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proved beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. to not be compelled to testify against himself.

2. Waiver of Rights and Plea of Guilty: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the Indictment, which charges a violation of Title 8, United States Code, Section 1326, Reentry of a Removed Alien. Defendant understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual statement that he has signed is true and will be submitted as evidence.

J.M.R.

3. Sentence: The maximum penalties the Court can impose include:

a. Not more than two (2) years imprisonment and/or a fine not to exceed $250,000 and supervised release of not more than one (1) year;

b. If removal was subject to a conviction for commission of a felony other than an aggravated felony – not more than ten (10) years imprisonment and/or a fine not to exceed $250,000 and supervised release of not more than three (3) years;

c. If removal was subsequent to a conviction for commission of an aggravated felony – not more than twenty (20) years imprisonment and/or a fine not to exceed $250,000 and supervised release of not more than three (3) years;

d. a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

e. restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

4. Court's Sentencing Discretion and Role of the Guidelines: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (2004) ("U.S.S.G." or "guidelines"). The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with his attorney, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw his plea if the sentence is higher than expected, so long as it is within the statutory maximum. Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5. Defendant's Cooperation: Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning his participation in the

J.M.R.

offense of conviction. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding his capacity to satisfy any fines or restitution. The Government will advise the Court of the extent of Defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph 2 and for any other federal offenses the Defendant may have committed. Additionally, the Government may use any statements made by Defendant or leads derived therefrom against him in any proceeding.

6. Government's Agreement: The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty.

7. Violation of Agreement: Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

8. Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

9. Waiver of Right to Appeal or Otherwise Challenge Sentence: Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

10. Representation of Counsel: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes that he is guilty and has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

11. Limitations on this Agreement: This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

12. Entirety of Agreement: Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Dated: 09/14/05

JOHN L. RATCLIFFE
Assistant United States Attorney

J.M.R.

I, JOSE EMILE MALDONADO-RODRIGUEZ, have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 9/13/05

X Jose Emile Maldonado
JOSE EMILE MALDONADO-RODRIGUEZ
Defendant

I am counsel for Defendant JOSE EMILE MALDONADO-RODRIGUEZ. I have carefully reviewed every part of this Plea Agreement with my client. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 9/12/05

Denise Benson
DENISE BENSON
Attorney for Defendant
Jose Emile Maldonado-Rodriguez

Interpreted by Anita B. Morales